## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBORAH YOUNG,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1169**  (BOR Appeal No. 2048433)
                              (Claim No. 2012003784)

**HEARTLAND EMPLOYMENT SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Deborah Young, by Reginald D. Henry, and Rodney A. Skeens, her attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Heartland Employment Services, LLC, by James W. Heslep and Gary W. Nickerson, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 25, 2013, in which the Board affirmed a May 23, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 18, 2012, decision granting Ms. Young an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is partially based upon a material misstatement or mischaracterization of the evidentiary record. This Court reverses the Board of Review's Order in relation to the granting of an additional 5% permanent partial disability award for the lumbar spine but affirms the Board of Review's Order as pertaining to the 3% impairment award for the left knee. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Ms. Young worked as a licensed practical nurse for Heartland Employment Services, LLC. On July 31, 2011, she injured her back, hip, and left knee when she fell at work. The claim was held compensable for left knee sprain, patella fracture, lumbar sprain/strain, and left hip sprain/strain. Ms. Young completed an application requesting a permanent partial disability award. The claims administrator granted Ms. Young an 8% permanent partial disability award based on the independent medical evaluation of Saghir R. Mir, M.D. Ms. Young had previously received a 5% award for her low back.

Three independent medical evaluations were performed to determine the amount of permanent impairment that Ms. Young sustained. The first evaluation was performed by Dr. Mir, and he opined that Ms. Young has 5% impairment for the lumbar spine, 3% impairment for the fractured left patella, and 0% impairment for the left hip. The second independent medical evaluation was performed by Bruce A. Guberman, M.D., who recommended 8% impairment for the lumbar spine, 6% impairment for the left knee and 2% impairment for the left hip. The final independent medical evaluation was performed by Paul Bachwitt, M.D. Dr. Bachwitt recommended 5% impairment for the lumbar spine, 3% impairment for the fractured left patella, and 0% impairment for the left hip. Dr. Bachwitt did not apportion for Ms. Young's prior award, but stated that if there was a prior award it should be deducted from his recommendation. Ms. Young then requested an additional permanent partial disability award.

The Office of Judges affirmed the claims administrator's decision, and the Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Young disagrees and asserts that she is entitled to an additional 7% impairment for a total of 15% permanent partial disability award for the compensable injury. Heartland Employment Services, LLC, maintains that Ms. Young has failed to establish that the Board of Review committed reversible error in its underlying decision and that the evidence of record establishes Ms. Young has been fully compensated for permanent partial disability under this claim. It argues that the Office of Judges properly relied on the recommendations of Dr. Mir and Dr. Bachwitt because both physicians performed thorough and complete evaluations of Ms. Young with regard to her permanent partial disability arising from this claim.

The Office of Judges found that for the lumbar spine injury Ms. Young was properly placed in Lumbar Category II pursuant to West Virginia Code of State Rules § 85-20 (2006) with an allowable range of 5% to 8%. The Office of Judges noted that Dr. Guberman and Dr. Mir both apportioned for Ms. Young's prior 5% permanent partial disability award for the lumbar spine by subtracting it from her range of motion impairment. The Office of Judges found that it was undeniable that all three physicians, who performed an independent medical evaluation, recommended at least 5% whole person impairment for Ms. Young's lumbar spine. Therefore, the Office of Judges concluded that Ms. Young's additional 5% permanent partial disability award for the lumbar spine would not be disturbed. The Board of Review agreed with the findings and conclusions of the Office of Judges.

The Board of Review, however, erred in regards to Ms. Young's impairment for the lumbar spine. Dr. Mir and Dr. Guberman both found that Ms. Young had 5% impairment for the lumbar spine and both apportioned her prior 5% permanent partial disability award before

applying West Virginia Code of State Rules § 85-20. As is consistent with this Court's previous decisions, this Court finds that apportionment for prior awards is performed after applying West Virginia Code of State Rules § 85-20. *See Eg. Kimble v. UCB*, No. 11-1685 (W. Va. July 11, 2014) (memorandum decision), *Varney v. Brody Mining, LLC*, 11-1483 (W. Va. July 11, 2014) (memorandum decision). Dr. Bachwitt found Ms. Young had 5% whole person impairment for the lumbar spine without apportioning for any prior awards. Dr. Bachwitt stated that if there was a prior award, it should be deducted from his recommendation. After deducting the prior 5% permanent partial disability award for the lumbar spine from Dr. Bachwitt's recommendation of 5% for the lumbar spine, it appears that Ms. Young is fully compensated for her lumbar spine injury. Therefore, this Court finds Ms. Young has been fully compensated for her lumbar spine by her prior 5% permanent partial disability award.

Regarding the left hip, the three independent medical examiners noted that Ms. Young has a weight problem that inhibits her hip's range of motion. The Office of Judges found that the medical evidence supports this conclusion and that Ms. Young has no measurable impairment attributable to the compensable injury for her left hip. This Court agrees with the findings of the Office of Judges. Dr. Mir and Dr. Bachwitt both found 0% impairment for the left hip. Dr. Guberman found 2% impairment for the left hip, which is not supported by the medical evidence.

The Office of Judges also concluded that Ms. Young has 3% impairment for her left knee sprain and patella fracture. The Office of Judges discussed Ms. Young's left knee ligament tear, but this is not a compensable condition and not an issue on appeal. The Office of Judges noted that Dr. Guberman recommended 6% impairment for the left knee, which was 3% above what Dr. Mir and Dr. Bachwitt recommended. Dr. Guberman recommended this additional 3% impairment based upon a ligament laxity. However, Dr. Bachwitt and Dr. Mir did not recommend any impairment for a ligament laxity. The Office of Judges concluded that this particular diagnosis was not held compensable under this claim; therefore, the Office of Judges found Dr. Mir and Dr. Bachwitt's recommendations of 3% whole person impairment for the knee to be the most credible of the medical evidence. This Court agrees with the findings of the Office of Judges for the knee impairment because Dr. Guberman's impairment recommendation included a rating for a non-compensable condition of the knee.

For the foregoing reasons, we find that the decision of the Board of Review is partially based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the portion of the Board of Review's Order granting Ms. Young an additional 5% permanent partial disability award for the lumbar spine is reversed, and this Court holds that Ms. Young is fully compensated for her lumbar spine by her prior 5% permanent partial disability award. The remainder of the Board of Review's Order is affirmed.

Affirmed in Part and Reversed in Part.

**ISSUED:   December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman